United States District Court
Southern District of Texas
**ENTERED**
February 17, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ROSALINDA MEDINA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-CV-00092 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

In this personal-injury case brought under the Federal Tort Claims Act, Plaintiff Rosalinda Medina ("Medina") sued the United States (the "Government") following an automobile collision with a U.S. Postal Service driver, Santos Morin, in Houston, Texas. The Court found that Morin was solely responsible for the accident but concluded that the collision was minor and did not cause most of Medina's claimed injuries. The Court therefore denied most of Medina's claims for medical expenses and noneconomic damages, awarding only $10,800.00 for past medical expenses and $216.00 for three days of lost wages.

Before the bench trial, the Government offered to allow judgment on specified terms under Federal Rule of Civil Procedure 68 (the "Offer of Judgment"). Medina rejected the offer, which exceeded the damages ultimately awarded.

Pending before the Court is Defendant's Opposed Motion to Recover Costs Pursuant to Rule 68 of Federal Rules of Civil Procedure. (Dkt. No. 91). For the reasons explained below, the Motion is **GRANTED in part** and **DENIED in part**.

I.      BACKGROUND

This action arises from a motor-vehicle collision that occurred in Houston, Texas, involving Medina and Santos Morin, an employee of the United States Postal Service ("USPS").  (Dkt. No. 1 at 2).  Morin was operating a USPS vehicle within the course and scope of his employment at the time of the accident.  (*Id.*).  After the collision, Medina sought extensive medical treatment for spinal and elbow conditions, alleging that the collision caused acute injuries and significantly aggravated pre-existing degenerative conditions.  (Dkt. No. 89 at 4–5); (*see also* Dkt. No. 1 at 3, 4–5).

Medina filed suit against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 et seq.  (Dkt. No. 1).  On January 4, 2022, the Government served its Offer of Judgment in the amount of $50,000.00 pursuant to Rule 68, (*see* Dkt. No. 91-1), which Plaintiff rejected the following day, (Dkt. No. 91-2).

The case proceeded to a three-day bench trial on April 15, 2024.  (*See* Dkt. Nos. 83, 84, 85).  In March 2025, the Court entered its Findings of Fact and Conclusions of Law.  (Dkt. No. 89).  While the Court found the Government liable for the accident, (*id.* at 10), it concluded that the collision was not the proximate cause of most of Plaintiff's claimed injuries, (*id.* at 6).  Consequently, the Court entered a Final Judgment awarding Medina $11,016.00—consisting of $10,800.00 for diagnostic imaging and $216.00 for lost wages— plus post-judgment interest.  (Dkt. No. 90).  Because the Final Judgment was less than the Rule 68 Offer of Judgment, the Government moved in April 2025 to recover its post-offer costs.  (Dkt. No. 91).  Although the Government's Motion states that Medina opposed it,

(*id.* at 2), she never formally objected to the costs in the ten months since the Motion was filed.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 68(a) permits a party defending against a claim to serve an offer to allow judgment on specified terms, with costs then accrued, at least fourteen days before trial.  If the opposing party rejects the offer and "the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."  Fed. R. Civ. P. 68.  Recoverable costs under Rule 68 are limited to those enumerated in 28 U.S.C. § 1920,[1] including: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees . . . ; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services."

"Courts may decline to award costs permitted by § 1920, [and] they may not award costs which are not specifically listed in the statute."  *Honestech, Inc. v. Sonic Sols.*, 725 F.Supp.2d 573, 581 (W.D. Tex. 2010) (evaluating bill of costs under Federal Rule of Civil Procedure 54(d)(1)).  Additionally, "[i]f the party against whom costs are sought does not

---

[1] "The costs included in Rule 68 are no more extensive than the costs authorized under Rule 54(d), and in each instance the cost award should be based on 28 U.S.C.A. § 1920."  *Arnold v. Allied Van Lines, Inc.*, 737 F.Supp.3d 467, 473 n.2 (W.D. Tex. 2024) (quoting 12 Wright & Miller Federal Practice & Procedure § 3006 at n.15 (3d ed.)).

object, a presumption arises that the costs were necessarily incurred and will be taxed." *Tempest Publ'g, Inc. v. Hacienda Recs. & Recording Studio, Inc.*, 141 F.Supp.3d 712, 717 (S.D. Tex. 2015) (evaluating bill of costs under Rule 54(d)(1)).

## III.   DISCUSSION

Because Medina ultimately recovered $11,016.00, consisting of $10,800.00 in past medical expenses and $216.00 in past lost wages, (Dkt. No. 90), and the Government made an Offer of Judgment for $50,000.00 on January 4, 2022, (Dkt. No. 91-1), the judgment obtained by Medina is not more favorable than the unaccepted offer. *See* Fed. R. Civ. P. 68. The Government therefore satisfies Rule 68's threshold requirement.

The Government seeks recovery of three categories of post-offer costs: (1) $4,397.38 for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case;" (2) $500.00 for "[c]ompensation of interpreters and costs of special interpretation services under 28 U.S.C. § 1828;" and (3) $800 for "[o]ther costs" associated with the fee for court-ordered mediation. (Dkt. No 92 at 1). The Government submitted invoices in support of these requests. (*Id.* at 3–12).

While Medina's failure to object gives rise to a presumption that the requested costs were necessary, the Court nonetheless has an obligation to ensure that any costs awarded fall within the categories authorized by Section 1920. *Honestech*, 725 F.Supp.2d at 581 (explaining a court "may not award costs which are not specifically listed in the statute"). The fees for deposition transcripts and interpretation services are Section 1920 fees and are therefore awarded. Costs associated with court-ordered mediation fees are not Section 1920 fees and are therefore denied. Accordingly, the Court finds that the

4

Government is entitled to recover $4,397.38 in deposition transcript costs and $500.00 in translation costs.

## IV.  CONCLUSION

For these reasons, the Court **GRANTS in part** and **DENIES in part** Defendant's Motion to Recover Costs.  (Dkt. No. 91).  The Court **ORDERS** Medina to pay the Government its costs in the amount of $4,897.38.

It is SO ORDERED.

Signed on February 13, 2026.

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**